# IN THE COURT OF APPEALS OF IOWA

No. 20-1659
Filed October 6, 2021


**IN RE THE MARRIAGE OF MELISSA ANNE CORNELSEN
AND BRADLEY RICHARD CORNELSEN**

**Upon the Petition of
MELISSA ANNE CORNELSEN,**
        Petitioner-Appellee,

**And Concerning
BRADLEY RICHARD CORNELSEN,**
        Respondent-Appellant.
_____


        Appeal from the Iowa District Court for Pottawattamie County, Greg W.

Steensland, Judge.


        Bradley Cornelsen appeals from the decree on his petition to modify

physical care and visitation of his children with Melissa Cornelsen.  **AFFIRMED.**


        Andrew B. Howie of Shindler, Anderson, Goplerud & Weese, P.C., West

Des Moines, for appellant.

        J. Joseph Narmi, Council Bluffs, for appellee.


        Considered by Mullins, P.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

The parties to this dissolution-of-marriage-modification action reached a settlement during trial and memorialized the agreement on the record. The district court approved the agreement on the record and later incorporated it into a written decree. The husband appeals, claiming the district court improperly directed a verdict in the wife's favor. Finding no support in the record for the husband's claim, we affirm.

Bradley and Melissa Cornelsen (now known as Melissa Monlux) divorced in 2012. Their dissolution decree granted the parties joint legal custody and shared physical care of their two minor children. In 2018, the district court entered an order approving the parties' written stipulation to modify physical care of the children, placing physical care with Melissa and visitation with Bradley. In 2019, Bradley petitioned to modify physical care, seeking a return to the parties' shared-physical-care arrangement.

The matter proceeded to trial. After Bradley presented his witnesses, the court recessed and went off the record. When the court reconvened and went back on the record, the court explained negotiations during the recess:

> I had asked the attorneys for an informal discussion about the case following the close of the evidence on the Petition for Modification. I do that for two reasons. It is an equity case, and I always feel if the parties are willing, that there's some merit to talking about where we're at at that point in time, and I do fully believe that people invest better in something they've had an opportunity to discuss, but they don't know what to discuss until I tell them what I might do based on the status of the case at that point in time. We had that discussion off the record. I want that to be well-known among everybody on the record here now.
> It is my understanding that that was, in fact, productive and we do have an agreement in this case.

Melissa's attorney recited the agreement: "The parties agree there will be no change in the physical care of the minor children. So physical care will remain with [Melissa]." Melissa's attorney recited other provisions resolving all issues before the court, including increasing Bradley's visitation and setting child support. Bradley's attorney agreed the recitation reflected his understanding of the agreement. The court then held a sworn colloquy with both parties during which they confirmed their agreement to the terms of the settlement, with Bradley's confirmation going as follows:

> THE COURT: [Bradley], did you hear the agreement that has been entered into in this case?
> BRADLEY: Yes.
> THE COURT: Did you understand it?
> BRADLEY: Yes, Your Honor.
> THE COURT: Will you abide by it?
> BRADLEY: Yes, Your Honor.
> THE COURT: That agreement is now approved by this Court . . . .

After trial, the court issued a "Findings of Fact, Conclusions of Law and Decree" memorializing the parties' agreement at trial. Bradley moved to reconsider, asserting the court made an improper sua sponte directed verdict by prematurely ending trial. Bradley pointed to language in the decree showing the court made specific findings beyond the parties' agreement, including finding Bradley failed to establish a material and substantial change in circumstances to modify physical care. In response, the court issued a "Rule 1.904 Amended and Corrected Findings of Fact, Conclusions of Law, and Decree," in which the court replaced its prior language:

> At the close of [Bradley's] evidence, the court advised the parties' attorneys that the court felt that [Bradley] failed to establish a material and substantial change in circumstances had occurred and a

modification of the custody arrangement was not warranted. During the lunch break, the parties came to an agreement on all issues in this matter and such agreement was dictated into the record and agreed upon by the parties under oath and such agreement is as follows:

Bradley appeals. We apply de novo review to a ruling on a petition to modify physical care of a child. *In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015).

Bradley's entire appeal rests on the premise the district court made an improper sua sponte directed verdict, and he asks us to reverse and remand for a new trial or enter judgment in his favor for shared physical care. We find Bradley's premise faulty, and we affirm as a result.

After one party presents its evidence, the adverse party may move for directed verdict "because no right to relief has been shown, under the law or facts." Iowa R. Civ. P. 1.945; *see also Verdict*, Black's Law Dictionary (11th ed. 2019) (defining "directed verdict" as "[a] ruling by a trial judge taking a case from the jury because the evidence will permit only one reasonable verdict"). Because Melissa never moved for a directed verdict, Bradley argues the court could not prematurely end trial and enter judgment against him. However, trial ended because the parties reached a settlement, not because the court issued a ruling ending it by directing a verdict or in any other fashion. Bradley does not point to any statements in the record or any language in the amended decree signifying the district court made findings on physical care or related substantive issues before it, and we find none following our de novo review. After the parties recited their agreement on the record, the district court issued its initial decree attempting to incorporate the agreement recited on the record. Bradley objected to certain language in the decree, and the court excised all such language in the amended decree. The final

amended decree simply approves the parties' agreement, and we see nothing in the decree beyond that agreement.

At trial, the court confirmed Bradley understood and intended to abide by the recitation of the agreement. When parties reach an agreement and the court approves it, the parties are generally bound to the agreement with no right to repudiate it. *See In re Marriage of Ask*, 551 N.W.2d 643, 646 (Iowa 1996). Finding the amended decree simply approves and memorializes the parties' agreement, we affirm the district court.

**AFFIRMED.**